# EXHIBIT A

Keith A. McKenna, Esq.
Attorney ID #0058384-1989
The McKenna Law Firm, LLC
96 Park Street
Montclair, New Jersey 07042
973-509-0050
Attorneys for Plaintiffs

| | |
|---|---|
| JAMES O'KEEFE and DEMODULATION, INC. *Plaintiff,*<br><br>v.<br><br>FRIEDMAN & FRIEDMAN, LTD., *Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: L-2632-16<br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs, James O'Keefe and Demodulation, Inc. (hereinafter "Plaintiffs"), by and through The McKenna Law Firm, LLC, with offices located at 96 Park Street, Montclair, New Jersey 07042, asserts the following complaint:

### INTRODUCTION

This is a civil action brought under the New Jersey common law for legal malpractice and negligence, damages, costs, and attorney's fees relating to the failure to properly advise and adequately perform legal services provided by Defendant to Plaintiff and for a declaration of any legal fee due to Defendant.

### THE PARTIES

1. James O'Keefe ("O'Keefe"), an individual, resides at 121 Goodwin Terrace, Westwood, New Jersey.

2. Demodulation, Inc. ("Demodulation") is a corporation formed under the laws of the State of Delaware, with its principle place of business at 121 Goodwin Terrace, Westwood, New Jersey.

1

3. Defendant Friedman & Friedman, Ltd., (hereinafter "Defendant"), is a law firm whose members, partners, associates or attorneys are licensed to practice law in the State of Illinois with an office located at 780 South Federal Street, Suite 710, Chicago, IL 60605.

4. Defendant and its attorneys hold themselves out as offering "expertise without the big overhead and extraordinary bills of large firms." http://friedmanpatents.com/?page_id=22

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff retained Defendant on September 8, 2015 to provide legal services with respect to patent infringement matters in an action entitled Demodulation, Inc. v. The United States filed in the Court of Federal Claims, Civil Action No. 1:11-cv-236 (hereinafter "Underlying Litigation").

6. Plaintiff sought the services of Defendant to provide meaningful legal services pursuant to a written fee agreement dated September 1, 2015 in a matter referred to as Patent Infringement Litigation.

7. Plaintiffs retained Defendants to provide legal work, including preparing and drafting legal documents and correspondence, researching and investigating patent infringement claims, conducting discovery and preparing for trial and representation of Plaintiff.

8. Defendant's performance of Underlying Litigation gave rise to duties of care owed to Plaintiff.

9. The Defendant failed to provide Plaintiff with documents or correspondence reflecting its performance of legal services in regards to the Underlying Litigation.

10. Plaintiff terminated Defendant on November 16, 2015.

11. On February 4, 2016, Defendant billed Plaintiffs approximately $270,000.00 for work done in connection with the Underlying Litigation.

12. Defendant has billed Plaintiff unreasonable legal fees for work reportedly done in connection with the Underlying Litigation in violation of RPC 1.5.

13. Defendant has overcharged Plaintiff for legal work Defendant claims to have performed. Defendant's time records that have been produced to date illustrate repetitive work for the same tasks, as well as, billings for work performed two months before the execution of the retainer agreement.

## FIRST COUNT
## DECLARATION OF REASONABLE LEGAL FEES

14. Plaintiff reiterates each and every allegation in the preceding paragraphs as if fully set forth herein.

15. Defendant's fees are unreasonable, excessive and violate the provisions of R.P.C. 1.5.

16. The fees charged by Defendant are grossly excessive and out of step with what a similarly qualified attorney in the region would charge for said services.

17. R.P.C. 1.5(a) states a lawyer's fee shall be reasonable. The factors determining a reasonable legal fee for services provided by a claiming attorney are based upon the following:

   a) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

   b) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

   c) the fee customarily charged in the locality for similar legal services

   d) the amount involved and the results obtained;

3

e)  the time limitations imposed by the client or by the circumstances;

f)  the nature and length of the professional relationship with the client;

g)  the experience, reputation, and ability of the lawyer or lawyers performing the services;

h)  Whether the fee is fixed or contingent.

18.  Under the factors set forth under R.P.C. 1. 5 (a) and upon consideration of the factual circumstances presented at the time of the retention, the specific instructions of the Plaintiff and the result sought to be achieved by the representation, the total charge for services rendered on behalf of the Plaintiff by the Defendant should have been an amount less those that were charged by Defendant.

19.  Due to the excessive request for fees from Defendant, Plaintiff requests a declaration of the reasonable legal fees.

## SECOND COUNT
## DECLARATION THAT LEGAL FEES BILLED BY DEFENDANT ARE UNREASONABLE

20.  Plaintiff reiterates each and every allegation in the preceding paragraphs as if fully set forth herein at length.

21.  Defendant billed Plaintiff for providing 552.50 hours of legal services between July 3, 2015 and November 11, 2015 in connection with the Underlying Litigation.

22.  Defendant sent the retainer agreement to Plaintiff on September 1, 2015. Plaintiff signed the agreement on September 8, 2015.

23.  Plaintiff terminated Defendant on November 16, 2015.

24.  Defendant billed Plaintiff unreasonable legal fees.

25.  Plaintiff requests a declaration of that Defendant's legal fees are unreasonable.

4

## THIRD COUNT
## LEGAL MALPRACTICE

26. Plaintiffs reiterate each and every allegation in the preceding paragraphs as if fully set forth herein.

27. Defendant had an attorney/client relationship with Plaintiff during the time that Defendant provided legal services to Plaintiff regarding Plaintiff's patent infringement claims in the Underlying Litigation.

28. Defendant was negligent and committed professional malpractice in its representation of Plaintiff with regard to Plaintiff's patent infringement claims in the Underlying Litigation.

29. Defendant is a Law Firm in the State of Illinois and holds itself out as competent in the areas of law.

30. Defendant has the duty to exercise the knowledge, skill and ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of the responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

31. Defendant has a duty to take the necessary steps to protect Plaintiffs' interest and Defendants' breached its duty to Plaintiffs by their failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of the responsibilities to Plaintiffs and breached the duty to utilize reasonable care and prudence in connection with those responsibilities.

32. Defendant was to provide its input regarding Plaintiff's Patent Claim Construction pursuant to a Scheduling Order.

5

33. Defendant was to provide input for the following: Plaintiff's service of its Disclosure of Asserted Claims and Infringement Contentions, meeting between the Underlying Litigation parties to confer regarding a motion for summary judgment of unasserted patents, information in connection with the Defendant in the Underlying Litigation motion for summary judgment of unasserted patents and service its Invalidity Contentions, information relevant to a meeting in which the Underlying Litigation parties were to exchange their proposed terms for Construction, information relevant to the Underlying Litigation parties' exchange their Preliminary Claim Constructions and Extrinsic Evidence, information relevant to a meeting in which the Underlying Litigation parties submission of a Joint Claim Construction and Prehearing Statement, Plaintiff's Opening Claim Construction Brief, information relevant to the Underlying Litigation Defendant's Responsive Brief, and information relevant to Plaintiff's reply.

34. Defendant failed to provide the necessary input for the Patent Claim Construction.

35. As a result of Defendant's failure, Plaintiff was forced to retain new counsel for representation of its patent infringement claims.

36. Plaintiff detrimentally relied upon the advice, skill and judgment possessed by Defendant.

37. Defendant's negligence is the direct and proximate cause of damages suffered by Plaintiff in the Underlying Litigation.

38. As a direct and proximate result of the failure of Defendant to provide adequate legal advice and services, Plaintiff has been damaged.

**FOURTH COUNT**
**RETURN OF PLAINTIFF'S FILES STILL IN DEFENDANT'S POSSESSION**

1. Plaintiffs reiterate each and every allegation in the preceding paragraphs as if fully set forth herein.

2. Plaintiff delivered its files in connection with the Underlying Litigation to Defendant.

3. Defendant has not represented Plaintiff since November 16, 2015.

4. To date, despite requests, Defendant has not returned Plaintiff's files.

5. Plaintiff demands Defendant return its files.

WHEREFORE, Plaintiff hereby demands judgment against Defendant as follows:

    A. directing the Defendant to pay compensatory damages together with interest, penalties, pre-judgment and post-judgment interest;

    B. declaring the reasonable legal fees for the services provided by the Defendant;

    C. declaring Defendant's February 4, 2016 bill to Plaintiff is excessive, unreasonable, and unnecessary;

    D. declaring that any additional fees claimed by Defendant are deemed null and void;

    E. directing the Defendant to pay costs of suit; and

    F. for further relief as the Court may deem fair, just, equitable, and proper.

7

The McKenna Law Firm, LLC
Attorneys for Plaintiff

Keith A. McKenna

Dated:  March 23, 2016

## DESIGNATION OF TRIAL COUNSEL

Keith A. McKenna, Esq. is hereby designated trial counsel in this matter.

The McKenna Law Firm, LLC
Attorneys for Plaintiff

Keith A. McKenna

Dated:  March 23, 2016

## JURY DEMAND

Plaintiffs hereby demand trial by a jury on all issues in the within matter.

The McKenna Law Firm, LLC
Attorneys for Plaintiff

Keith A. McKenna

Dated:  March 23, 2016

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that to the best of his knowledge, the within matters in controversy are not the subject of any other action pending in any other Court or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

The McKenna Law Firm, LLC
Attorneys for Plaintiff

Keith A. McKenna

Dated: March 23, 2016

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

Pursuant to Rule 1:38-7 (c), the undersigned certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

The McKenna Law Firm, LLC
Attorneys for Plaintiff

Keith A. McKenna

Dated: March 23, 2016

9

# EXHIBIT B

# FRIEDMAN & FRIEDMAN, LTD.

## ATTORNEYS AT LAW

PRINTERS SQUARE
SUITE 710
780 SOUTH FEDERAL STREET
CHICAGO, ILLINOIS 60605
(312) 922-8882
FAX (312) 922-3616
gene@friedmanpatents.com
gail@friedmanpatents.com

EUGENE F. FRIEDMAN
GAIL TULER FRIEDMAN

PATENTS
TRADEMARKS
COPYRIGHTS
TRADE SECRETS
UNFAIR COMPETITION
PATENT LITIGATION
TRADEMARK LITIGATION
COPYRIGHT LITIGATION
COMMERCIAL LITIGATION
ARBITRATION
MEDIATION
EXPERT OPINION ASSIGNMENTS
PROFESSIONAL RESPONSIBILITY

September 1, 2015

PERSONAL AND CONFIDENTIAL
SUBJECT TO ATTORNEY CLIENT PRIVILEGE
VIA E-MAIL: jamesokeefejr@gmail.com

Mr. James O'Keefe, Jr.
President
Demodulation, Inc.
121 Goodwin Terrace
Westwood, New Jersey 07675

Re:   Attorney-Client Agreement for James O'Keefe, Jr. and Demodulaion. Inc.   for
the action pending in the United States Court of Federal Claims, No. 1:11-CV-
236-SGB entitled *Demodulation, In. v. United States of America*

Dear Mr. O'Keefe,

This letter confirms that you, both as President of Demodulation, Inc. ("Demodulation"),
and in your individual capacity, have asked the law firm of Friedman & .Friedman. Ltd.
("Friedman") as co-counsel with the McKenna Law Firm, LLC to represent the rights and
interests of Demodulation and you, individually, (both of whom will be collectively sometimes
referred below to as "the Clients"), in connection with the action pending in the United States
Court of Federal Claims, No. 1:11-CV-236-SGB entitled *Demodulation, Inc. v. United States of
America* (the "Patent Infringement Litigation"). This letter will explain Friedman's billing policy
and the scope of Friedman's representation. Under the agreement detailed here, the Clients agree
to pay all legal fees, costs, and expenses, incurred with regard to the above-referenced matter.

LEGAL SERVICES. The legal work to be provided shall include, but not be limited to,
preparation of correspondence, counseling, preparation and drafting of legal documents,
conducting legal research and investigation of claims, negotiations, conducting discovery. and
trial preparation and representation of Demodulation at the Markman hearing and trial in the
Patent Infringement Litigation.

- 1 -

Mr. James O"Keefe, Jr.                    September 1, 2015                    Page 2

**RETAINER.** Based on a review of the facts and legal issues which may arise in this matter, Friedman requires payment of a retainer from you in the amount of $10,000.00 which will be placed in the Client Trust Account of Friedman & Friedman, Ltd. and drawn down when costs are incurred as explained below. If this payment is not made, or you do not comply with the balance of the terms of this agreement, Friedman reserves the right to withdraw its representation of you in all respects pertaining to this matter.

Your costs will be paid directly from Friedman & Friedman, Ltd.'s trust account. You will receive a periodic statement or billing memorandum from Friedman listing all disbursements and costs that have been incurred on your behalf for the previous period.

Depending on the amount of costs that Friedman anticipates will be required on your behalf, Friedman may, from time to time, request payment of an additional retainer as a condition for the Friedman's continued representation of you.

**LEGAL FEES.** In addition, and in further consideration for the services to be rendered, the Clients hereby agree to pay and shall assign to Friedman a sum equal to one quarter (or 25%) of the gross amount recovered, in cash, in kind, or otherwise, including inventory, products, and materials from the Patent Infringement Litigation All sums due hereunder shall be paid by the Client in United States currency or in such other manner as Friedman agrees to accept. The term "the gross amount recovered" as used in this paragraph and agreement means all monies and other items of value received for any reason based on the Patent Infringement Litigation.

In the event that Friedman advances any costs or expense, such advance shall be reimbursed to Friedman from any recovery obtained on behalf of the Clients before the Clients are entitled to the net proceeds of the recovery.

**LIEN FOR SERVICES.** The Clients understand that Friedman shall have a lien on any sum or sums recovered by the Clients or on the Clients' behalf, whether by settlement or judgment, for all services rendered and costs incurred under this agreement.

Friedman shall not assign any of its duties under any representation to another firm or attorneys without the Clients' consent.

**CHARGES TO CLIENT CONTINGENT ON RECOVERY.** In the event no recovery is obtained from the Patent Infringement Litigation, Friedman will not make any charge for either its time or services. Nevertheless, the Clients understand and acknowledge that it shall be solely liable for all costs and expenses incurred by Friedman in connection with the representation of the Client.

**COSTS OF SUIT.** Clients shall be responsible for all costs and expenses associated with this representation regardless of the fees paid and the final outcome of this matter. Costs and expenses are separate and apart from Friedman's legal fees and include, but are not limited to, experts' fees, court costs, accountants' fees, appraisers' fees, service fees, investigators' fees, e-discovery vendor costs, deposition costs, court reporter fees, motion and trial transcripts, messenger services, photocopying charges at 0.25/page), postage, telephone toll costs and long distance expenses, facsimile costs, computer assisted legal research, travel expenses.

- 2 -

Jul-25-2016  04:34 PM    FRIEDMAN & FRIEDMAN    (312)922-3616   973-509-3580              p.4       23/25
Sep 08 15 05:55p        The McKellina Law Firm, LLC

Mr. James O"Keefe, Jr.                    September 1, 2015                    Page 3

accountants, appraisers, actuaries, economists, physicians, psychologists, psychiatrists, investigators, and others whom Friedman deems necessary for the proper preparation and handling of Client's case. Said sums shall be paid by the Clients regardless of whether a recovery is made by the Clients. All sums advanced on behalf of the Clients shall be billed periodically to the Clients for payment. Any balance due Friedman may be deducted from any recovery after the legal fees are deducted.

If no inquiry about a bill is received within thirty (30) days of receipt of the invoice, it will be assumed that you have reviewed the bill and found it acceptable.

In the event a judgment is entered ordering the opposing party to pay a portion of Clients' attorneys' fees and/or costs of suit, you hereby retain Friedman to enforce any such judgment in accordance with the terms of this agreement. Note that this clause in no way obligates you to retain Friedman to proceed on any other post-judgment matter.

The enforcement of any fee judgment does not alleviate your responsibility for payment of the outstanding balance of your fees. Upon collection of any judgment amount, you hereby agree to an assignment of such sums to Friedman for payment of fees and costs owed to Friedman by you, including fees and costs incurred in the enforcement procedure. Any remaining balance shall be returned to you.

RIGHT TO WITHDRAW. If Clients do not comply with the terms of this agreement, Friedman reserves the right to withdraw as their attorney in all respects pertaining to the Patent Infringement Litigation. In addition, each of the Friedmans reserve the right to withdraw as may be required by the applicable rules of professional conduct, including without limitation the Illinois Rules of Professional Conduct or the applicable Rules of Civil Procedure or the Federal Rules of Civil Procedure and the rules of Professional Conduct for the United States Court of Federal Claims. Friedman reserves the right to withdraw if, after complete investigation, Friedman determines there is no merit, or even insufficient merit, to the claim, to justify its continued representation of the Clients.

MUTUAL COOPERATION. In addition to the financial issues outlined above, you understand that you may be required to attend meetings and provide information which may be legally required or otherwise necessary to effectively complete work on behalf of the Clients. You agree to cooperate in these matters.

LIMIT OF AGREEMENT. This agreement is limited to Friedman's representation of the rights and interests of the Clients in connection with the Patent Infringement Litigation on behalf of and for the benefit of Demodulation.

FAVORBLE OUTCOME NOT GUARANTEED. Although Friedman is willing to undertake to represent you on the terms outlined in this letter, by retaining Friedman and accepting the terms of this agreement, however, you acknowledge that Friedman can give you no assurance regarding the outcome of this matter. Friedman agrees to provide conscientious, competent and diligent services and at all times will seek to achieve solutions which are just and reasonable for you. However, because of the uncertainty of legal proceedings, the interpretation and changes in the law and many unknown factors, attorneys cannot and do not warrant, predict,

Jul-25-2016  04:34 PM   FRIEDMAN & FRIEDMAN    (312)922-3616  973-509-3680         p.5      24/25

Mr. James O"Keefe, Jr.              September 1, 2015                Page 4

or guarantee results or the final outcome of any case. Friedman makes no warranty or guaranty that the Clients' claims will be successful or that the Clients will obtain compensation for its damages and expenses.

**COMMENCEMENT OF REPRESENTATION.**  Friedman's representation of the Clients commenced at least as early as July 1, 2015. If Friedman does not receive a signed copy of this agreement and payment of the requested retainer from you within five (5) days of receipt of this agreement, Friedman reserves the right to discontinue and withdraw its continued representation of Clients.

**FILE RETENTION AND DESTRUCTION.**  After Friedman completes all work for the Clients under this agreement, and upon the expiration of three (3) years after Friedman completes all work for the Clients under this agreement, Friedman shall have the right to discard, destroy or otherwise dispose of the Clients' file materials, in whole or in part, in Friedman's sole discretion.

At any time after the completion of the engagement or the termination of Friedman's representation, and after all outstanding fees, costs, and expenses have been paid to Friedman, you may request all or a portion of your file that has been maintained and created by our office. If you request a copy of your file, then you shall bear the cost of the photocopying or other reproduction of those documents, as well as payment of charges to storage facility, for retrieval, return, and delivery of closed files.

**EXECUTION.**  Unless you received this agreement in electronic format only, if the foregoing is acceptable and understood by you, please sign the enclosed copy of this letter and return to this office. A self-addressed stamped envelope is enclosed for your convenience. If you receive this in electronic format, please print duplicate originals of this correspondence and sign and return one (1) blue-ink original to us at your earliest convenience. The other printed original copy should be retained by you for your records.

If you have any questions regarding these terms, please do not hesitate to contact me. Since I do not represent you regarding this agreement, you should also feel free to consult with other attorneys regarding it. If you find this agreement completely acceptable, please confirm your understanding and acceptance of the terms of the representation by signing where indicated below and returning the signed copy via facsimile or email and also regular mail delivery as soon as possible.

Sincerely,

Eugene F. Friedman
Friedman & Friedman, Ltd.

- 4 -

Mr. James O"Keefe, Jr.                    September 1, 2015              Page 5

### ACCEPTANCE

I have read and agree to the terms and conditions set forth above.

Demodultion. Inc.

Dated: September _2_, 2015        BY: _____

                                  Its President,  James O'Keefe. Jr., President

James O'Keefe, Jr.

Dated: September _2_, 2015        BY: _____

                                  James O'Keefe, Jr.

15LTE-LTO13: D34RAGMT.L09.doc:glf

- 5 -

# EXHIBIT C

Elliott Abrutyn, Esq.  – N.J. BAR ID #240261967
**MORGAN MELHUISH ABRUTYN**
651 W. Mt. Pleasant Avenue
Suite 200
Livingston, N.J. 07039
Tel:    (973) 994-2500
Fax:    (973) 994-3375
E-mail: EAbrutyn@morganlawfirm.com
Counsel for Defendant, Friedman & Friedman, Ltd.
Our File No.:  ISB  36-047 EA

| | |
|---|---|
| JAMES O'KEEFE and DEMODULATION, INC., <br><br> Plaintiff, <br><br> -vs- <br><br> FRIEDMAN & FRIEDMAN, LTD., <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY <br><br> Docket No.: BER-L-002632-16 <br><br> **DEFENDANT FRIEDMAN & FRIEDMAN, LTD'S NOTICE OF FILING NOTICE OF REMOVAL** |

Defendant Friedman & Friedman through the undersigned counsel, hereby gives notice to the Bergen County Superior Court of New Jersey, Law Division, and all parties that on August 10, 2016, Defendant filed the Notice of Removal attached hereto as **Exhibit A**, in the United States District Court for the District of New Jersey, Newark Vicinage. Pursuant to 28 U.S.C. § 1446(d), removal is effective upon the filing of the Notice of Removal in the United States District Court for the District of New Jersey, Newark Vicinage together with the filing of this Notice of Filing Notice of

{01183224}

Removal with this Court, and the parties are to proceed no further in this Court unless and until a claim is remanded.

Dated:      August 10, 2016      _____
                                  ELLIOTT ABRUTYN, ESQ.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)

I hereby certify that to my knowledge the matter in controversy is not the subject of any other pending or contemplated court action, nor is it the subject of any arbitration or administrative proceeding. I certify further that no other parties should be joined to the matter.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 4:25-4.

Dated:      August 10, 2016

                                  _____
                                  ELLIOTT ABRUTYN, ESQ.

Elliott Abrutyn, Esq.  – N.J. BAR ID #240261967
**MORGAN MELHUISH ABRUTYN**
651 W. Mt. Pleasant Avenue
Suite 200
Livingston, N.J. 07039
Tel:    (973) 994-2500
Fax:    (973) 994-3375
E-mail: EAbrutyn@morganlawfirm.com
Counsel for Defendant, Friedman & Friedman, Ltd.
Our File No.:  ISB  36-047 EA

| | |
|---|---|
| JAMES O'KEEFE and DEMODULATION, INC., <br><br> Plaintiff, <br><br> -vs- <br><br> FRIEDMAN & FRIEDMAN, LTD., <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY <br><br> Docket No.: BER-L-002632-16 <br><br> **CERTIFICATION OF SERVICE** |

I, **Elliott Abrutyn,** an attorney duly admitted to practice before the Bar of this Court, hereby declare as follows:

1.     I am an attorney at law of the State of New Jersey and am a Partner in the Firm of Morgan Melhuish Abrutyn, attorneys for Defendant Friedman & Friedman, Ltd., in the above-captioned matter.

2.     On August 10, 2016, I served the following documents upon Plaintiffs' counsel via Federal Express:

Keith A. McKenna, Esq.
The McKenna Law Firm, LLC

96 Park Street
Montclair, NJ 07042

a)      Defendant Friedman & Friedman Ltd's Notice of Filing Notice of Removal with exhibit; and

b)      this Certification of Service

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:      August 10, 2016      _____

ELLIOTT ABRUTYN, ESQ.