UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| JAMES O'KEEFE and DEMODULATION, INC., Plaintiffs, v. FRIEDMAN & FRIEDMAN, LTD., Defendant. | Civil Action No. 16-4866 (SDW) (LDW) **REPORT AND RECOMMENDATION** |
|---|---|

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. ECF No. 47. Plaintiffs have not opposed the motion. The Honorable Susan Davis Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. Having considered the written submissions, and for good cause shown, the Court recommends that defendant's motion to dismiss for lack of personal jurisdiction be **GRANTED**.

## I. BACKGROUND

This is a legal malpractice action in which plaintiffs Demodulation, Inc. ("Demodulation") and its President, James O'Keefe, allege defendant Friedman & Friedman, Ltd. ("Friedman") failed to properly represent Demodulation in a prior patent infringement action. Plaintiffs commenced this action in the Superior Court of New Jersey, Bergen County, Law Division in March 2016. *See* ECF No. 1-1. Pursuant to 28 U.S.C. §1332, defendant removed the action to this Court on grounds of diversity of citizenship jurisdiction in August 2016. *See* ECF No. 1. Plaintiff James O'Keefe is a citizen of New Jersey and plaintiff Demodulation is a Delaware

corporation with its principal place of business in New Jersey. *Id.* ¶¶ 1-2. Defendant Friedman is an Illinois corporation with its principal place of business in Chicago, Illinois. *Id.* ¶ 16. The amount in controversy exceeds the $75,000 jurisdictional threshold. *See id.* ¶ 11.

Shortly after defendant removed the action to this Court, then-counsel for plaintiffs filed a motion to withdraw as counsel, ECF No. 4, and defendant filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim, ECF No. 5. The Court granted the motion to withdraw, and defendant's motion to dismiss was administratively terminated to permit plaintiffs time to secure new counsel. ECF Nos. 12, 13. The Court held an in-person settlement conference with the parties on September 29, 2017, after which plaintiffs filed a motion to amend the Complaint. ECF No. 38. The Court denied the motion on March 29, 2018. ECF Nos. 45, 46. Defendant refiled its motion to dismiss on April 26, 2018, which plaintiffs have not opposed. ECF No. 47.

The Complaint alleges that in September 2015, plaintiffs sought the services of defendant Friedman to represent plaintiff Demodulation in a patent infringement suit filed in the Court of Federal Claims, located in Washington D.C. ECF No. 1-1 ¶¶ 5-6. The Complaint contends that defendant breached the duty of care owed to Demodulation by its negligent representation in the underlying suit, which necessitated plaintiffs' termination of the parties' attorney-client relationship in November 2015. *Id.* ¶ 9-10. By then, defendant had billed plaintiffs approximately $270,000 in legal fees, which plaintiffs did not pay, and for which defendant obtained a judgment against plaintiffs in June 2016. *See* ECF No. 47-1, Ex. E. The Complaint asserts a claim against defendant for legal malpractice, seeks a declaratory judgment that plaintiffs are not responsible to pay for defendant's legal fees, and seeks the return of plaintiffs' files.

## II. DISCUSSION

Defendant moves to dismiss the Complaint on the grounds that this Court lacks personal jurisdiction over it and for plaintiffs' failure to state a claim upon which relief can be granted. For the reasons set forth below, the undersigned recommends the District Court find that plaintiffs have not met their burden to show personal jurisdiction exists over defendant and to grant defendant's motion on that basis.

### A. Legal Standard

When a defendant challenges a Court's exercise of personal jurisdiction, the plaintiff bears the burden to prove that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330–31 (3d Cir. 2009). Where the district court does not hold an evidentiary hearing, plaintiff must establish only a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under the *prima facie* standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor." *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 476 (3d Cir. 2011). A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (quoting *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Once the motion is made, however, and a plaintiff's allegations are challenged by affidavits or other evidence, the "plaintiff must respond with actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citation omitted); *see also Metcalfe*, 566 F.3d at 330 ("'[O]nce a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'") (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). A plaintiff must ultimately prove the existence of jurisdiction by a preponderance

of the evidence, although such a showing is unnecessary at the preliminary stages of litigation. *LaSala*, 410 F. App'x at 476; *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016).

This Court exercises jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales*, 384 F.3d at 96 (citing Fed. R. Civ. P. 4(e)). New Jersey's long-arm statute permits the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)). Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Personal jurisdiction may be based on either general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). "A court with general jurisdiction may hear *any* claim against that defendant," *id*, and the defendant's "contacts need not relate to the subject matter of the litigation." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, n.9 (1984). General jurisdiction over a defendant exists in the forum of an individual's domicile and the forum "in which [a] corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Specific personal jurisdiction, on the other hand, exists where the claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Helicopteros*, 466 U.S. at 414, n.8). The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists: (1) the defendant must have "purposefully

directed [its] activities at the forum"; (2) the litigation must "arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

**B. Analysis**

As noted, plaintiffs have not opposed the instant motion to dismiss. Nevertheless, the Court considers its merits and recommends that the District Court find personal jurisdiction does not exist over defendant.

1. General Jurisdiction

The Court first determines whether the plaintiffs have demonstrated the existence of general personal jurisdiction over defendant. This turns on whether defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 139 (quoting *Goodyear Dunlop*, 564 U.S. at 919). In all but "exceptional case[s]," a corporation is subject to general jurisdiction only in its place of incorporation and its principal place of business. *Id.* at 137, 139 n.19. Here, it is undisputed that defendant is neither incorporated nor has its principal place of business in New Jersey, the paradigm places in which a defendant is "at home." Plaintiffs submit nothing on which the Court could find this to be the "exceptional case" in which the defendant's contacts with New Jersey are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* Therefore, plaintiffs have not demonstrated that general jurisdiction exists over the defendant law firm in this case.

2. Specific Jurisdiction

The Court next considers whether there is specific jurisdiction over defendant by assessing whether it has "purposefully directed [its] activities at the forum," the litigation "arise[s] out of or

relate to at least one of those activities," and the exercise of jurisdiction "otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

The Complaint specifies no basis for the Court to find specific jurisdiction over the defendant in the instant case. *See generally* ECF No. 1-1. Plaintiffs fail even to attempt to demonstrate that defendant had minimum contacts with New Jersey, that the instant litigation arises out of those contacts, and that the exercise of jurisdiction comports with fair play and substantial justice. *Id.* Given that defendant's motion to dismiss challenges the Court's exercise of personal jurisdiction and that plaintiffs have not opposed the motion, plaintiffs have failed to meet their corresponding burden to establish at least a *prima facie* case of personal jurisdiction. *See Metcalfe*, 566 F.3d at 330. Nevertheless, the Court considers the allegations in the Complaint to determine whether personal jurisdiction may exist.

It appears that the only contacts defendant had with New Jersey were its being a party to a retention agreement with the New Jersey plaintiffs and its emailing of that agreement to plaintiffs in New Jersey. ECF No. 1-1 at 12. The fact that defendant contracted with plaintiffs that are residents of the forum "is not, by itself, sufficient to justify personal jurisdiction" over defendant. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing *Burger King v. Rudziewicz*, 471 U.S. 462, 478 (1985)). "The requisite contacts, however, may be supplied by the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties." *Id.* Here, the Complaint does not plead that the agreement between the parties created any such significant ties to New Jersey, and therefore the defendant's entering into a contract with the New Jersey residents and emailing that contract to them in New Jersey are insufficient to confer personal jurisdiction.

Notably, defendant's representation of plaintiffs in the underlying patent suit took place in the Court of Federal Claims in Washington, D.C., and defendant performed all of its work in furtherance of its representation of plaintiffs in Illinois. *See* ECF No. 47-1, Ex. B ¶¶ 5, 6. Plaintiffs have not averred that any aspect of defendant's representation of them involved litigation in New Jersey. *See id.* As the Third Circuit has held, "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *O'Connor*, 496 F.3d at 317. Further, the parties' only meeting regarding defendant's representation of plaintiffs took place in Illinois. *Id.* ¶ 5. *See Vetrotex Certified Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (finding no personal jurisdiction in a breach-of-contract suit in part because the defendant did not send representatives to meet with plaintiff in the forum state). Moreover, plaintiffs concede that they "sought the services" of the defendant law firm, rather than defendant's soliciting them as clients. *See* ECF No. 1-1 ¶ 6. *Compare Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001) (upholding personal jurisdiction in a breach-of-contract suit where the defendant first called the plaintiff to solicit its business), *with Vetrotex*, 75 F.3d at 152 (finding no personal jurisdiction despite contract between the parties because "this is not a case where the defendant solicited the contract or initiated the business relationship leading up to the contract"). As the agreement with plaintiffs, citizens of New Jersey, is the only contact plaintiffs allege defendant had with the forum in connection with this case, it is insufficient in itself to confer personal jurisdiction. *See Mellon Bank*, 960 F.2d at 1223.

Accordingly, defendant does not appear to have "purposefully directed [its] activities at the forum," and the Court recommends that the motion to dismiss for lack of personal jurisdiction be granted because plaintiffs have failed to meet their burden to establish a *prima facie* case of personal jurisdiction over defendant. *See Metcalfe*, 566 F.3d at 330.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion to dismiss this action (ECF No. 47) for lack of personal jurisdiction be **GRANTED.**[1]

The parties are hereby advised that, pursuant to Fed. R. Civ. P. 72(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: August 16, 2018

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
All Parties

[1] As the Court recommends defendant's motion to dismiss for lack of jurisdiction be granted, it further recommends defendant's motion to dismiss for failure to state a claim be denied as moot. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").